NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-5015 |
| Plaintiff - Appellee, | D.C. No. 1:24-cr-00092-SPW-1 |
| v. | |
| JEREMIAH ROBERT WIBERG, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 22, 2026**

Before:    CANBY, BENNETT, and BADE, Circuit Judges.

Jeremiah Robert Wiberg appeals from the district court's judgment and

challenges the 13-month sentence imposed following his guilty-plea conviction for

failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Wiberg first argues that the government breached the plea agreement at the original sentencing hearing by failing to recommend a sentence at the low end of the guideline range. However, any prejudice caused by that breach was remedied when the government acknowledged the breach and the district court reopened sentencing proceedings to hear argument consistent with the plea agreement, resulting in a reduction in Wiberg's sentence from 16 to 13 months. Wiberg asserts that the breach was nevertheless harmful because the government's "recitation of the parade of horribles" as part of its original sentencing argument caused the court to deny a further reduction under U.S.S.G. § 5K2.23 at the reopened sentencing hearing. The record shows, however, that the district court considered Wiberg's history solely to determine whether to adjust the instant sentence to reflect time served on Wiberg's completed sentence in separate supervised release proceedings. *See* U.S.S.G. §§ 5G1.3(b), 5K2.23 (2024). The court did not abuse its discretion in concluding that no further reduction was warranted. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**